IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES for the use and benefit of NORMENT SECURITY GROUP, INC., <br>   Plaintiff/Counter-Defendant, <br><br> v. <br><br> TRAVELERS CASUALTY AND SURETY COMPANY and CENTEX CONSTRUCTION CO., INC., <br>   Defendants/Counter-Plaintiffs. | Case No.: 05-CV-01715 (JMF) |
| CENTEX CONSTRUCTION CO., INC., <br>   Third-Party Plaintiff/Counter-Defendant, <br><br> v. <br><br> PCC CONSTRUCTION COMPONENTS, INC., <br>   Third-Party Defendant/Counter-Plaintiff. | |
| | Consolidated With: |
| PCC CONSTRUCTION COMPONENTS, INC., <br>   Plaintiff, <br><br> v. <br><br> ARCH INSURANCE COMPANY, <br>   Defendant. | Case No.: 06-CV-1085 (JMF) |

**PCC CONSTRUCTION COMPONENTS, INC.'S
OPPOSITION TO CENTEX'S MOTION TO STAY
<u>COUNT III OF ITS COUNTERCLAIM</u>**

COMES NOW PCC Construction Components, Inc., by and through its undersigned counsel, for its Opposition to Centex Construction Co., Inc.'s Motion to Stay Count III of its Counterclaim against Centex, and avers as follows:

Law Offices
LEONARD A. SACKS &
ASSOCIATES, P.C.
ONE CHURCH STREET
SUITE 303
ROCKVILLE, MARYLAND 20850

TEL: (301) 738-2470
FAX: (301) 738-3705

## I. INTRODUCTION

Count III of PCC Construction Components, Inc.'s ("PCC") Counterclaim raises the issue of delays and damages resulting from delays to the Project. Centex argues in its Motion to Stay Count III of the Counterclaim (the "Motion"), that since it alleged that the delays were the Owner, the General Services Administration's responsibility, PCC must, therefore, exhaust its administrative remedies prior to adjudication of the issue in these proceedings. Centex's argument, based on the terms and conditions of the Subcontract, has some merit when considered in a vacuum. Centex's arguments do not address the problems and attendant delays with an eye toward full and final adjudication of the merits in the instant action.

At the hearing on the Motion to Consolidate all of the matters now pending before the Court, counsel for PCC raised the issue that consolidation of the claims would bring about further delay to the proceedings because PCC had claims against Centex that could involve the General Services Administration's ("GSA") actions or inactions. Centex did not view this as an issue, however, now Centex files this Motion, claiming that PCC cannot pursue Count III of its Counterclaim against Centex.

The Motion should be denied because it would only delay complete adjudication of the claims now pending before the Court.

## II. ARGUMENT

The Court has the discretion to grant or reject Centex's Motion to Stay, but should refrain from exercising its discretion to stay Count III because it is not in the best interest of the parties involved in the cases currently pending.

Law Offices
LEONARD A. SACKS &
ASSOCIATES, P.C.
ONE CHURCH STREET
SUITE 303
ROCKVILLE, MARYLAND 20850

TEL: (301) 738-2470
FAX: (301) 738-3705

There are several reasons why the Court's determination of the question of delay relating to Centex, Norment and PCC is critical to the outcome of this litigation. Prior to the current litigation, Norment filed a Demand for Arbitration against PCC before the American Arbitration Association (the "Arbitration Action"), which was resolved by the parties' Agreement for Consent Award and Mutual Release ("Agreement"), attached hereto as Exhibit 1.

At page 4 of the Agreement, PCC reserved its rights against Norment for $68,158.00 in delay compensation due to days of delay that Centex deleted from PCC's claim to GSA, which were attributable to Norment. In its Counterclaim against Norment, at ¶¶ 5, 6, and 7, Centex claimed that Norment failed to perform, which caused it to incur additional management and administrative costs. Further, Centex's claims against Norment include lost time allegedly incurred by Modern Mosaic, for which it claims it is entitled to reimbursement.

Centex filed an overall delay claim on the Project against the GSA for Project delays. PCC is a participant in that claim. The GSA raised a concurrent delay issue for delay days necessitated by remedial work performed on the windows that Norment manufactured and did not pass a water test. If the GSA prevails on the use of this defense, the result will increase PCC's claims against Norment and Arch, which will impact PCC's and Centex's claims as to each other.

As the Court knows, time is money. Since money is associated with the delays and this litigation involves a determination of what is ultimately due to each of the parties, delay claims and associated costs cannot be segregated from the accounting and should not be reserved for litigation later.

Law Offices
LEONARD A. SACKS &
ASSOCIATES, P.C.
ONE CHURCH STREET
SUITE 303
ROCKVILLE, MARYLAND 20850

TEL: (301) 738-2470
FAX: (301) 738-3705

### III. CONCLUSION

This matter is already complicated. Centex asserts that PCC and Norment caused delays, which impacted the work and resulted in claims for which it seeks compensation. PCC asserts that the delays entitle it to additional compensation under the terms of its Subcontract with Centex and its Purchase Order with Norment. Without the adjudication of the delay issues or a stay until Centex and GSA resolve their issues, it is hard to imagine how the Court could render findings as to what, if anything, is due to each party in this action.

WHEREFORE, PCC Construction Components, Inc. respectfully submits that the Motion to Stay Count III of its Counterclaim against Centex Construction LLC should be denied.

Respectfully submitted by,

/s/
Leonard A. Sacks, Esq., DCB 150268
Leonard A. Sacks & Associates, P.C.
One Church Street • Suite 303
Rockville, Maryland 20850
(301) 738-2470

*Counsel for PCC Construction Components*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a correct copy of PCC's foregoing Reply to Centex's Motion to Stay Count III of the Counterclaim was sent by CM/ECF electronic delivery this 22nd day of February 2007 to:

Michael E. Jaffe, Esq.
Todd J. Wagnon, Esq.
Thelen Reid Brown Raysman & Steiner, LLP
701 Eighth Street, N.W.
Washington, D.C. 20001

Marvin H. Campbell, Esq.
Law Offices of Marvin H. Campbell
P.O. Box 4979
Montgomery, Alabama 36103

Law Offices
LEONARD A. SACKS &
ASSOCIATES, P.C.
ONE CHURCH STREET
SUITE 303
ROCKVILLE, MARYLAND 20850

TEL: (301) 738-2470
FAX: (301) 738-3705

4

|  |  |
|---|---|
| Richard E. Hagerty, Esq.<br>Troutman Sanders, LLP<br>1660 International Drive • Suite 600<br>McLean, Virginia 22102 | Rick Claxton, Esq.<br>Garson Claxton, LLC<br>7910 Woodmont Avenue • Suite 650<br>Bethesda, Maryland 20814 |
| Tameka M. Collier, Esq.<br>Troutman Sanders, LLP<br>401 Ninth Street, N.W. • Suite 1000<br>Washington, D.C. 20004-2134 | |

                                                /s/
Leonard A. Sacks

Law Offices
LEONARD A. SACKS &
ASSOCIATES, P.C.
ONE CHURCH STREET
SUITE 303
ROCKVILLE, MARYLAND 20850

TEL: (301) 738-2470
FAX: (301) 738-3705